UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE: FOURWORLD EVENT         :         ORDER
OPPORTUNITIES, LP, et al.          :         23 Misc. 30 (RA) (GWG)
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

 Petitioners FourWorld Event Opportunities, LP, and Genesis Emerging Markets Investment Company (collectively "FourWorld") brought this petition seeking discovery from Li (Lily) Dong for use in a foreign proceeding under 28 U.S.C. § 1782. (Docket # 1).

 Section 1782 requires that a petition be brought in "[t]he district court of the district in which a person resides or is found." The statute's requirement that a person be "found" in a district "extends to the limits of personal jurisdiction consistent with due process." In re del Valle Ruiz, 939 F.3d 520, 528 (2d Cir. 2019). FourWorld avers that Li Dong can be "found" in this District because her "participation in the [m]erger [at issue] . . . involved de-listing [a] [c]ompany from the New York Stock Exchange." (Docket # 4, at 8). FourWorld does not allege that Li Dong took any action in her personal capacity within the Southern District of New York, but rather alleges that she "was one of two members of the Special Committee whose approval of the [m]erger led directly to [the company's] delisting." Id. at 9. The petition does not otherwise explain why Li Dong's relationship with the company at issue would render her subject to this Court's personal jurisdiction. It also does not indicate where Li Dong is physically located or how they plan to serve her with process.

 We doubt that a natural person's mere association with a corporate entity that takes action in a district renders her subject to personal jurisdiction in that district. The sole case that FourWorld cites on the point, Pfaff v. Deutsche Bank AG, 2020 WL 3994824 (S.D.N.Y. July 15, 2020), is inapposite. See Docket # 4 at 8-9. Pfaff held that the "trading activity" of individual respondents "provide[d] a sufficient basis for [the] [c]ourt to exercise specific personal jurisdiction over them" where the respondents had personally executed trades on a New York-based market. See Pfaff, 2020 WL 3994824, at *9. Pfaff collects cases demonstrating that "trading securities or commodities on an exchange in the forum subjects the defendant to specific personal jurisdiction in such forum." Id. at *10. It provides no basis for the notion that where a corporate entity executes an action on an exchange anywhere in the United States, a person associated with that entity -- whether as a board member, officer or otherwise-- could be subject to personal jurisdiction in any district where the entity traded. See id.

 Petitioners are directed to file a supplemental memorandum of law addressing the issues raised in this Order on or before March 6, 2023.

SO ORDERED.

Dated: February 22, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge